IN THE DISTRICT COURT OF BECKHAM COUNTY
STATE OF OKLAHOMA

1. CAREY A. MOORE, )
   )
   Plaintiff, )
   )
v. ) Case No. CJ-16- 125
   )
1. ADVANTAGE ENERGY SERVICES, )
   LLC, d/b/a GALMOR'S )
   ROUSTABOUT AND PIPELINE )
   CONSTRUCTION, )
   )
   Defendant. )

BECKHAM COUNTY FILED
SEP 19 2016
DONNA HOWELL, COURT CLERK
BY_____ DEPUTY

## PETITION

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

### PARTIES

1. The Plaintiff is Carey Moore, an adult resident of Beckham County, Oklahoma.

2. The Defendant is Advantage Energy Services, LLC, doing business as Galmor's Roustabout and Pipeline Construction, a domestic limited liability company operating in Beckham County, Oklahoma.

### VENUE

3. Plaintiff's causes of action are for gender discrimination and retaliation, including termination, after Plaintiff opposed such discrimination, in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act.

4. Most of the actions complained of occurred in Beckham County, Oklahoma, and the Defendant may be served in that county. Thus venue is proper in this Court.

### STATEMENT OF FACTS

5. Defendant employed more than fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years and is a covered employer under Title VII. There is no minimum employee requirement to be subject to the

1

OADA.

6. Plaintiff was employed by the Defendant from around February 2008 until she was terminated around September 10, 2015.

7. At the time of her termination and for most of her employment, Plaintiff was the only female truck driver for Defendant.

8. In 2009, Plaintiff was assigned to drive a truck which was brand new, and was purchased primarily for her use.

9. At all times the Plaintiff was qualified for her job and performed her job duties satisfactorily.

10. In 2013, Defendant hired a new truck pusher, David Gilcrest (male). Mr. Gilcrest controlled the jobs assigned to the Plaintiff.

11. Mr. Gilcrest began to assign Plaintiff to drive jobs which did not have a bathroom facility to use.

12. Plaintiff requested to be placed on a route which had bathroom facilities available, however Mr. Gilcrest refused, and responded that Plaintiff needed to "suck it up learn to pee outside like the guys do."

13. Mr. Gilcrest also chose not to call Plaintiff to work jobs, which he would call the male workers to do, even though such workers had less seniority. This resulted in a significant decrease in pay to the Plaintiff.

14. Around mid-August 2015, Defendant hired Ryan (last name unknown) (male), who replaced Mr. Gilcrest as the truck pusher.

15. Ryan would not call Plaintiff to work jobs which he would call the male workers to do, even though such workers had less seniority, and resulting in less pay for the plaintiff.

16. Approximately two (2) weeks after he was hired, on or around September 4, 2015, Ryan informed Plaintiff he was assigning her truck to Mr. Gilcrest, who was now a

driver. Plaintiff opposed such reassignment and explained the truck was purchased for her use, however Ryan reassigned her anyway.

17. On or around September 7, 2015, Plaintiff was assigned a truck which frequently experienced breakdowns, and had been poorly maintained.

18. On or around September 10, 2015, Plaintiff's newly-assigned truck broke down during her job assignment.

19. The same day, on or around September 10, 2015, Ryan terminated Plaintiff's employment for the claimed reason that Defendant was spending too much money repairing Plaintiff's truck, and that Plaintiff had not been turning in her inspection logs.

20. Such reasons are false and pretextual in that Plaintiff's newly-assigned truck was in disrepair at the time was assigned to Plaintiff, and Plaintiff had been turning in her inspection logs as appropriate.

21. The true reasons for Plaintiff's termination were her gender and/or her protected complaints of the differential treatment she was experiencing.

22. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wage) and emotional distress/dignitary harm symptoms including worry, anxiety, frustration and similar unpleasant emotions.

23. At the least a significant factor in the Plaintiff's termination was her gender and/or complaints of being treated differently than the male employees. Such factors were also motivating factors and/or a but for cause of her termination.

24. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on October 23, 2015. Plaintiff requested her right to sue letter which was issued on September 7, 2016, and received thereafter. This Petition is timely filed within ninety (90) days of receipt of such letter, and Plaintiff has exhausted her

administrative remedies as required under Title VII and the OADA.

25. Gender discrimination and retaliation violate Title VII and the Oklahoma Anti-Discrimination Act.

26. Under both Title VII and the OADA, the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

27. Under Title VII the Plaintiff is entitled to emotional distress/dignitary harm damages.

28. Because the conduct of the Defendant was willful or, at the least, in reckless disregard for the Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages under Title VII.

29. Under the OADA the Plaintiff is automatically entitled to liquidated damages equal to her wage loss.

## PRAYER

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered together with all damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**RESPECTFULLY SUBMITTED THIS 15th DAY OF SEPTEMBER, 2016.**

HAMMONS, GOWENS, HURST & ASSOC.

Mark Hammons, OBA No. 3748
Amber L. Hurst OBA No. 21231
Leah M. Roper, OBA No. 32107
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: leah@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED